## AFFIDAVIT

I, DEA Special Agent Keon J. Hemerlein, being duly sworn, depose and say the following:

## INTRODUCTION

1. Your Affiant submits this affidavit in support of a criminal complaint and arrest warrant charging Der'rail FLUELLEN and Jamill SAILES with Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C) on or about July 10, 2024.

## AGENT'S BACKGROUND

2. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been since April 2024. Prior to my employment with the DEA, I was employed as a Police Officer with the City of Brunswick, OH, for approximately 1 year and the City of Solon, OH for approximately 5 years. I have completed the 16-week DEA Basic Agent Training (BAT) course in Quantico, Virginia. As part of the BAT course, I have received training in narcotic investigations, narcotic interdiction, identification of narcotics, search and seizure issues, preparing search warrants, surveillance techniques, preparation and execution of narcotic search warrants, debriefing of defendants, witnesses, and cooperating sources. I have also graduated from the Cleveland Heights Police Academy, where I obtained my Ohio Peace Officer Training Certificate and training related to narcotics investigations.

3. I have been involved in multiple narcotics-related arrests, have executed search warrants and seized narcotics or dangerous drugs. I have supervised the activities of informants and cooperating witnesses who have provided information and assistance resulting in drug buys, searches, and arrests. Based on the above experience, I am

1

familiar with the *modus operandi* of persons involved in the illicit distribution of controlled substances, as well as the terminology used by persons involved in the illicit distribution of controlled substances. I am aware that persons involved in the illicit distribution of controlled substances nearly always attempt to conceal their identities and the locations at which drug transactions take place. I know that individuals engaged in organized drug distribution and sales often maintain records of those sales and also maintain extensive contacts with persons from whom they receive drugs and to whom they distribute drugs. It is likewise essential that such organized groups meet to formulate plans concerning narcotics or other illegal activities, and to divide their illegal proceeds.

    4. I have also received training in the identification of narcotics, search and seizure issues, and preparing search warrants. I have had experience in surveillance techniques, investigating narcotic and criminal cases, including the preparation and execution of narcotic and other criminal case search warrants and debriefing of defendants, witnesses, cooperating sources and other persons who have personal knowledge of narcotics and criminal violations. I have been involved in narcotic related arrests and executed search warrants, which resulted in the seizure of narcotics, and supervised the activities of informants who have provided information and assistance resulting in narcotic purchases. I have questioned suspects, debriefed informants and have conferred with other officers and prosecuting attorneys, and as a result have gained experience in investigating drug trafficking organizations. On a regular basis, I review law enforcement bulletins and intelligence reports regarding narcotic trafficking and smuggling, and remain in communication with counterparts in order to keep up to date

with modern techniques and trends used by narcotic traffickers in the domestic and international arena.

## RELIABLE CONFIDENTIAL SOURCE

5. Since June 2024, The Portage County Drug and Violent Crime Unit (PCDVCU) has received information concerning the cocaine trafficking activities of Der'rail FLUELLEN from a confidential source (hereinafter referred to as the CS), who is formally documented through The Portage County Drug and Violent Crime Unit (PCDVCU). The CS obtained their knowledge regarding FLUELLEN by speaking and interacting directly with FLUELLEN. The CS has cooperated and provided information to the PCDVCU since June 2024. The CS has conducted controlled purchases[1] of narcotics. The CS cooperated with the PCDVCU in exchange for prosecutorial consideration. The CS has not received monetary compensation for expenses, information, or assistance. The CS has a criminal history that includes drug related offenses. I believe the CS's information is reliable because the CS's information has been consistently corroborated by independent investigation by the PCDVCU, DEA, my own observations and corroborated by other information derived through the course of the investigation conducted by DEA. To my knowledge, the CS has never provided information that was deliberately false or misleading.

---

[1] Unless indicated otherwise, all controlled purchases in this investigation were conducted in the following manner: prior to meeting with a target of this investigation, law enforcement met the CS at an undisclosed location. At that time, the CS and their vehicle were searched by law enforcement for contraband. The CS was then outfitted with an electronic recording and transmitting device. The CS was also provided official advance funds ("OAF"), in order to complete the controlled purchase. Physical and electronic surveillance were maintained on the CS to and from and during the controlled purchase with the target subject. Upon completion of the controlled purchase, law enforcement again met with the CS. At that time the CS transferred custody of the exhibit and the electronic recording and transmitting device, to law enforcement. The CS and the CS vehicle were searched again for contraband. The CS was then debriefed by law enforcement, relating to the controlled purchase. All of these measures are taken by law enforcement in order to maintain the safety of the CS and maintain the integrity of the controlled purchase.

**PROBABLE CAUSE**

6. On or about June 24, 2024, The Portage County Drug and Violent Crime Unit (PCDVCU) conducted a controlled purchase, utilizing a confidential source (CS) to purchase one (1) ounce of crack cocaine for $725.00 of pre-recorded funds from FLUELLEN. The CS and FLUELLEN agreed to meet at a public location in the Northern District of Ohio. Investigators observed FLUELLEN arrive in a 2018 Mazda CX-5 bearing Ohio registration KEB4803. Investigators observed FLUELLEN exit his vehicle and enter the CS's vehicle. Investigators observed FLUELLEN exchange 1 oz of crack cocaine for the pre-recorded funds with the CS. Investigators observed FLUELLEN exit the CS vehicle, get back into his vehicle and leave the scene. Investigators with PCDVCU weighed the crack cocaine at approximately 29.13 grams and a field Nik test yielded positive results for the presence of crack cocaine.

7. On or about June 27, 2024, The Portage County Drug and Violent Crime Unit (PCDVCU) conducted a second controlled purchase, utilizing the confidential source (CS) to purchase one (1) ounce of crack cocaine for $725.00 of pre-recorded funds from FLUELLEN. The CS and FLUELLEN agreed to meet at a public location in the Northern District of Ohio. Investigators observed FLUELLEN arrive in a 2020 white Hyundai Sonata bearing Ohio registration KBR1457. Investigators observed FLUELLEN get into the CS's vehicle and exchange the crack cocaine for the pre-recorded funds. Investigators observed FLUELLEN get back into his vehicle and leave the scene. Investigators with PCDVCU weighed the crack cocaine totaling approximately 28.44 grams and a field Nik test yielded positive results for the presence of crack cocaine.

8. On or about July 2, 2024, The Portage County Drug and Violent Crime Unit (PCDVCU) conducted a controlled purchase, utilizing the confidential source (CS) to purchase one (1) ounce of crack cocaine for $725.00 of pre-recorded funds from FLUELLEN. The CS and FLUELLEN agreed to meet at a public location in the Northern District of Ohio. Investigators observed FLUELLEN arrive in a black 2012 Chevrolet Traverse bearing Ohio registration HZT5832. Investigators observed FLUELLEN exit his vehicle, enter the CS's vehicle, and exchange the crack cocaine for the pre-recorded funds. FLUELLEN then exited the CS vehicle, entered back into his vehicle and left the scene. Investigators with PCDVCU weighed the crack cocaine totaling approximately 29.31 grams and a field Nik test yielded positive results for the presence of crack cocaine.

9. On or about July 10, 2024, The Portage County Drug and Violent Crime Unit with assistance from Drug Enforcement Administration Task Force Group 1 utilized the CS to coordinate a controlled purchase of one (1) ounce of crack cocaine and 500 Fentanyl pills from FLUELLEN. The CS and FLUELLEN agreed to meet at a public location in the Northern District of Ohio. Investigators established surveillance at FLUELLEN's residence located at 5752 Longwood Ave, Maple Heights, OH 44137.

10. Investigators observed a white Volkswagen Jetta bearing Florida registration LDPS75 arrive at the residence. Your affiant previously contacted Enterprise Rental Car, provided the registration, and found the current renter was Jamill SAILES. Investigators observed FLUELLEN exit his residence and SAILES exit the driver's side of the vehicle. Investigators observed FLUELLEN enter the driver's side of the vehicle and SAILES enter the passenger side. Investigators maintained surveillance on the vehicle until The Portage County Sheriff's Department (PCSD) conducted a traffic stop for a speed

violation (77 mph in 65 mph speed limit) in the vicinity of SR 14 and I-480. PCSD noticed a strong odor of burnt marijuana inside of the vehicle and utilized a drug detecting K9 to conduct an open-air sniff of the vehicle resulting in a positive alert for narcotics.

11. PCSD conducted a probable cause search of the vehicle and the occupants, identified as Der'rail FLUELLEN and Jamill SAILES. PCSD located a clear plastic baggie containing approximately 28 grams of crack cocaine that was concealed inside SAILES groin area. PCSD also located a clear plastic baggie in the left side of SAILES pants containing numerous blue pills of suspected Fentanyl. FLUELLEN and SAILES were arrested by PCSD and transported to the PCSD Jail.

12. Investigators with PCDVCU weighed the crack cocaine totaling approximately 28.10 grams and a field Nik test yielded positive results for the presence of crack cocaine. The weight of the fentanyl totaled approximately 53.28 grams. The fentanyl was not field tested for precautionary reasons due officer safety.

13. However, based on your affiant's training and experience, and the circumstances under which the pills were recovered, your affiant believes, and has reason to believe, that the blue pills are fentanyl. The fentanyl will be sent to the Cuyahoga County Laboratory for testing.

**CONCLUSION**

14. Based on the above, there is probable cause to believe that Der'rail FLUELLEN and Jamill SAILES have committed the offense of Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

_____
Keon J. Hemerlein
Special Agent
Drug Enforcement Administration

Sworn to via telephone on this 12th day of July 2024 after submission by reliable electronic means. Fed. R. Crim. P. 3, 4(d), and 4.1

_____
AMANDA M. KNAPP
U.S. Magistrate Judge